1  ERICA K. ROCUSH, SB #021297
   Erica.Rocush@lewisbrisbois.com
2  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   Phoenix Plaza Tower II
3  2929 North Central Avenue, Suite 1700
   Phoenix, Arizona 85012-2761
4  Telephone: 602.385.1040
   Facsimile: 602.385.1051
5  *Attorneys for Defendant Haven of Show Low, LLC (erroneously named as Haven Health Group, LLC)*

6

7              IN THE UNITED STATES DISTRICT COURT

8                 FOR THE DISTRICT OF ARIZONA

9

10 Justin Downing, individually and on behalf    CASE NO.  3:18-cv-08109-DWL
   of all others similarly situated,
11                                               **DEFENDANT'S RULE 12(B)(1)**
                 Plaintiff,                      **MOTION TO DISMISS FOR LACK OF**
12                                               **STANDING**
            vs.
13
   Haven Health Group, LLC, an Arizona
14 limited liability company,
                                                 Action Filed:    May 23, 2018
15               Defendant.                      Trial Date:      None Set

16

17         Defendant Haven of Show Low, LLC dba Haven Health of Show Low[1]

18 (erroneously named in the Complaint as Haven Health Group, LLC) ("Defendant"), by and

19 through undersigned counsel, hereby moves to dismiss Count I of Plaintiff's Complaint,

20 for violation of the Fair Credit Reporting Act, 15 U.S.C. §1681b(b)(2)(A)(i), under

21 Fed.R.Civ.P. Rule 12(b)(1) because Plaintiff lacks standing to bring the claim because he

22 has not suffered a concrete injury in fact.[2]  Therefore, because the named Plaintiff lacks

23 standing to bring this suit, this Court lacks subject matter jurisdiction over this claim.

24 _____

25 [1] Plaintiff's application for employment was submitted to and his employment was with Haven of
   Show Low, LLC.  Haven of Show Low performed the background checks on Plaintiff and issued
26 the subject notices.  Haven Health Group, LLC is a holding company that has no employees and
   processes no employment applications or background checks.
27 [2] Defendant is not moving to dismiss Count II of Plaintiff's Complaint in this motion.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4824-8550-3609.1

## I.   FACTUAL BACKGROUND

Plaintiff Justin Downing ("Plaintiff") filed a Complaint in Arizona District Court on May 23, 2018, stating two causes of action, both stated as putative class actions:  for (1) violation of the federal Fair Credit Reporting Act, 15 U.S.C. § 1681b(b)(2)(A)(i)  (the "Disclosure Claim") and (2) violation of 15 U.S.C. §§1681b (b)(3) (the "Adverse Action Claim").  In support of Count I of his Complaint, the Disclosure Claim, Plaintiff alleges in relevant part as follows:

> First, Defendant fails to provide its applicants or employees with a clear and conspicuous, standalone disclosure that indicates Defendant may obtain a consumer report about them for employment purposes. Section 1681b(b)(2) establishes that such disclosure must be made "in a document that consists solely of the disclosure."  Here, Defendant provides applicants and employees with a disclosure that is riddled with unnecessary, extraneous, and unlawful information. The result is a disclosure that is, at best, unclear and inconspicuous and confusing to Plaintiff and other consumers. It fails to standalone.  That is, on information and belief, the disclosures and authorizations are combined with unrelated extraneous information that confuses the meaning of the disclosure and strips job applicants and employees of their ability to make a knowing authorization.  This violates Section 1681b(b)(2)(A)(i) of the FCRA, which, inter alia, unambiguously states that the disclosure must be "clear and conspicuous" and be made "in a document that consists solely of the disclosure."  (Complaint at ¶ 3).

> Rather than provide a clear and conspicuous, standalone disclosure—as the FCRA requires—Haven Health's disclosure and authorization provided to Plaintiff and others was replete with extraneous information.  (See Haven Health Disclosure & Authorization, a true and accurate copy is attached hereto as Ex. A.)  Among other issues, Haven Health's form FCRA background check disclosure unlawfully combines the disclosures required for consumer reports with the disclosures required for investigative consumer reports, including information regarding the nature and scope of any investigation.  (See id.)  Further, the disclosure contains disclosures requiring job applicants and employees to maintain "proper licensure pertinent to" their positions. (See id.)  (Complaint at ¶ 14).

> Additionally, Haven Health's form FCRA authorization is similarly riddled with extraneous information, including inapplicable state law disclosures and an authorization granting a litany of entities, including law enforcement agencies, state or federal agencies, schools or universities, employers and insurance companies. (See id.)  In sum, it cannot be said that Haven Health's disclosure and authorization are clear and conspicuous or that they stand-alone. (Complaint at ¶ 15).

Plaintiff applied for a job with Haven of Show Low in January 2018 and as part of his application he was given a document to authorize Defendant to run a background check on him.  (Complaint at ¶¶ 12-13).  At the time of Plaintiff's hire, Defendant used a separate

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

FCRA disclosure and authorization form. The authorization form contained acknowledgment of receipt of the disclosure and summary of rights, an authorization, and state specific notices. Plaintiff was also provided with the standard Summary of Rights under the Fair Credit Reporting Act notice. The FCRA disclosure consisted in its entirety of the following:

> Haven Health may perform a background check or it may obtain information about you from a third party consumer reporting agency for employment purposes. Background checks may be conducted pre and post hire throughout your employment. Thus, you may be the subject of a "consumer report" and or an "investigative consumer report," which may include information about your character, general reputation, personal characteristics, and or mode of living, which can involve personal interviews with sources such as your neighbors, friends or associates. These reports may contain information regarding your credit history, social security verification, motor vehicle records (driving records), verification of your education or employment history or other background checks. Credit history will only be requested where such information is substantially related to the duties and responsibilities of the position for which you are applying.

> Upon written request made within a reasonable time, you have the right to request whether a consumer report has been run about you and to request the disclosure of the nature and scope of any investigative consumer report and to request a copy of your report. The most common form of investigative consumer report is an employment history or verification. Haven Health may conduct some of these searches internally. For those searched conducted by a consumer reporting agency, these searched will be conducted by easyBackgrounds, Inc., P.O. Box 952, 10 Main Street, Newfield, NH, 03856, 800-538-6525. easyBackgrounds' Privacy Policy may be viewed on its website at www.easybackgrounds.com. The scope of this disclosure is all-encompassing, allowing Haven Health to obtain from any outside organization all manner of consumer reports throughout the course of your employment to the extend required and or permitted by law.

> Background checks and screenings are performed to protect the residents, employees, visitors and others as well as to comply with state and federal laws governing health care employment. All offers of employment are conditioned upon the successful completion of any background checks or screenings performed in your facility. Additionally, if you fall to maintain an acceptable background check and or proper licensure pertinent to your position, it will be considered an immediate voluntary resignation from Haven Health without proper notice.

> CONSENT: I acknowledge the Disclosure of Background Investigations above and the Background Check & Licensure Verification Policy as explained above as well as in the Employee Handbook and authorize Haven Health to conduct these investigations and license verifications as a condition of my being extended an employment offer and or as a condition of my continued employment if hired with Haven Health. Should I be hired and fail to maintain an acceptable background check and or proper licensure pertinent to my position, it will be considered an immediate voluntary

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   resignation from Haven Health without proper notice.  I also agree that a
2   printed copy or electronic copy of this document may be accepted with the
    same authority as this original.  (*See* Exhibit A to Complaint).

3   Plaintiff signed the authorization allowing Defendant to run the background check
4   on him, which was a condition of employment.

5   **II.    LEGAL ARGUMENT**

6       **A.    This Court Lacks Subject Matter Jurisdiction over Cases Where the**
7              **Plaintiff Lacks Standing.**

8       It is well-established that federal courts are courts of limited jurisdiction, possessing
9   "only that power authorized by Constitution and statute."  *Kokkonen v. Guardian Life Ins.*
10  *Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673 (1994) (citations omitted).  Therefore,
11  subject matter jurisdiction is a threshold issue, which the Court must consider prior to
12  reaching the merits of a case.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95
13  (1998); *see* Fed. R. Civ. P. 12(h)(3) (stating that "[i]f the court determines at any time that
14  it lacks subject-matter jurisdiction, the court must dismiss the action").  Surviving a Rule
15  12(b)(1) motion to dismiss is more difficult than a 12(b)(6) motion, as the plaintiff bears
16  the burden of proving the jurisdictional requirements have been met.  *Ernst v. Rising*, 427
17  F.3d 351, 367 (6th Cir. 2005).  Standing is properly challenged through a Rule 12(b)(1)
18  motion.  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

19      Here, under well established law, Plaintiff lacks standing to bring his Disclosure
20  Claim and therefore the Court lacks subject matter jurisdiction over the claim.
21  Consequently the claim is subject to dismissal under Rule 12(b)(1).

22      **B.    Plaintiff Lacks Standing to Bring His Disclosure Claim.**

23          *1.    Standing requires a concrete and particularized harm.*

24      Threshold individual standing is a prerequisite for all actions, including class
25  actions.  *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974).  "A potential class representative
26  must demonstrate individual standing vis-à-vis the defendant; he cannot acquire such
27  standing merely by virtue of bringing a class action."  *Fallick v. Nationwide Mut. Ins. Co.*,

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4824-8550-3609.1                                    4

162 F.3d 410, 423 (6th Cir. 1998).  Therefore, to maintain a claim against Defendant, Plaintiff must demonstrate standing under Article III of the United States Constitution.

A plaintiff invoking federal jurisdiction bears the burden of establishing the "irreducible constitutional minimum" of standing by demonstrating (1) an injury in fact, (2) fairly traceable to the challenged conduct of the defendant, and (3) likely to be redressed by a favorable judicial decision.  *Lujan*, 504 U.S. at 560-61.  Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.  *Lujan*, 504 U.S. at 561.

One of the key elements of standing is that the plaintiff has "suffered an injury in fact."  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).  In analyzing standing for a plaintiff who has alleged a violation of a statutory right, ***Spokeo* made clear that plaintiffs whose statutory rights have been violated, but have not suffered any real harm or a risk of real harm, do not have Article III standing**.  *Id*. at 1543.

In coming to its conclusion, *Spokeo* examined the two subparts of the "injury in fact" requirement, particularization and concreteness.  The Court affirmed that to have Article III standing, the plaintiff's injury must be a concrete injury that is *de facto*, **meaning it must actually exist**.  *Spokeo*, 136 S.Ct. at 1548.  Justice Alito explained: "Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right."  *Id*. at 1549.  "Article III standing requires a concrete injury even in the context of a statutory violation."  *Id*.

Standing demands more than a "bare procedural violation, divorced from any concrete harm."  *Id*.  To support standing, the violation must "cause harm or present [a] material risk of harm" to the plaintiff's concrete interests.  *Id*. at 1550.  As a consequence, the Court indicated, "[the plaintiff] cannot satisfy the demands of Article III by alleging a

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4824-8550-3609.1                          5

bare procedural violation." *Id.*, at 1550.  Specifically, statutory damages combined with a procedural violation of the statute are not enough: "concreteness requires that an injury actually exist." *Spokeo*, 136 S. Ct. at 1548.

Under *Spokeo*, without actual harm, concrete injury exists only "where Congress conferred the procedural right to protect a plaintiff's concrete interests and where the procedural violation presents a risk of real harm to that concrete interest." *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1113 (9th Cir. 2017) (Spokeo III).  Therefore, to determine whether Plaintiff  meets Article III's injury-in-fact requirement, the Court must ask: "(1) whether the statutory provisions at issue were established to protect his concrete interests (as opposed to purely procedural rights), and if so, (2) whether the specific procedural violations alleged in this case actually harm, or present a material risk of harm to, such interests." *Id*.

> 2. <u>Violation of the FCRA's standalone provision due to extraneous information does not confer standing.</u>

Plaintiff's Disclosure Claim in this case is based solely on the allegation that Defendant violated the FCRA because its FCRA disclosure was not a standalone document because it contained extraneous information.  Indeed, Plaintiff's allegations in support of his Disclosure Claim consist substantively of the following:

- Here, Defendant provides applicants and employees with a disclosure that is riddled with unnecessary, extraneous, and unlawful information. … That is, on information and belief, the disclosures and authorizations are combined with unrelated extraneous information that confuses the meaning of the disclosure and strips job applicants and employees of their ability to make a knowing authorization.  (Complaint at ¶ 3).

- Rather than provide a clear and conspicuous, standalone disclosure—as the FCRA requires—Haven Health's disclosure and authorization provided to Plaintiff and others was replete with extraneous information.  (Complaint at ¶ 4).

- Additionally, Haven Health's form FCRA authorization is similarly riddled with extraneous information, including inapplicable state law disclosures and an authorization granting a litany of entities, including law enforcement



agencies, state or federal agencies, schools or universities, employers and insurance companies. (Complaint at ¶ 15).

Nowhere does Plaintiff allege that Defendant's Disclosure failed to provide information that is required by the FCRA. Nor could he, as it is clear from the disclosure form itself that it did contain all of the information required by the FCRA. He also does not allege that the background report obtained contained any false information or that he would not have applied for a job with Defendant if he had received a compliant disclosure form. Therefore, the only basis for Plaintiff's Disclosure Claim is that Defendant's FCRA disclosure contained extraneous additional information. This is simply not sufficient to confer standing on Plaintiff for the Disclosure Claim.

As explained by the Supreme Court, the "fail[ure] to provide [a] required notice" under FCRA is a "procedural" violation that does not support standing if it "result[s] in no harm" or otherwise poses no "material risk of harm." *Spokeo*, 136 S. Ct. at 1550. *Spokeo* makes clear that a notice that falls short of FCRA's requirements does not in and of itself qualify as a concrete injury in fact for Article III standing purposes.

Similarly, several courts have addressed this exact same claim and have found that a plaintiff who alleges a violation of the FCRA's stand alone provision because a disclosure contains extraneous information cannot establish a concrete injury and therefore lacks standing to bring a claim for violation of the FCRA. As explained in detail by the court in the District of New Jersey:

> Everyone agrees that an applicant would have standing under the FCRA if the employer simply obtained a credit report without telling the applicant, and without the applicant's consent. On the other hand, the applicant's consent, after being informed that the employer would be seeking such a report, vitiates any claim of a privacy violation. Either way, the issue hinges on whether the applicant received disclosure before consenting. The employer's procurement of a consumer report would not be unauthorized (and thus an invasion of privacy) unless the applicant was in fact denied disclosure. That Michaels did not comply with the stand-alone requirement, unless it resulted in a deprivation of disclosure, adds nothing. Plaintiffs' theory collapses on itself; without the addition of nondisclosure in fact, it is indistinguishable from a bare procedural violation.
>
> Plaintiffs' position amounts to a contention that a violation of the standalone requirement automatically implies that the credit report is unauthorized [the



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4824-8550-3609.1                                                  7

FCRA] to the realm of a major substantive harm. This is a leap too far, and is directly contradicted by Spokeo, which made clear that some subset of violations are too small to implicate—on a standing level—the interests protected by the larger statutory framework." *Shoots v. iQor Holdings US Inc.*, No. 15-CV-563 (SRN/SER), 2016 U.S. Dist. LEXIS 144559, 2016 WL 6090723, at *4 (D. Minn. Oct. 18, 2016) (citing *Spokeo*, 136 S. Ct. at 1550) (holding that plaintiff alleging violation of the FCRA's stand-alone disclosure requirement lacked standing). The procedural/substantive distinction would lose all meaning if the court were to find that plaintiffs have a substantive right to be free of every procedural violation.

*Spokeo* aside, the logic of Plaintiffs' argument is not compelling. Assume that an employer provided an applicant with a disclosure (again, not on a stand-alone document, but in flashing red letters a foot high); the applicant read and understood that disclosure; and the applicant signed an authorization. In such a case, it makes little sense to conclude that the employer's acquisition of a consumer report was done without consent, or that it invaded the applicant's privacy. Any lack of disclosure must be alleged directly, and factually.

*In re Michaels Stores, Inc.*, 2017 U.S. Dist. LEXIS 9310, *24-26 (D.N.J. Jan. 24, 2017) (holding that plaintiff could not establish standing by alleging that the FCRA disclosure contained extraneous information when the plaintiff admitted that he received a disclosure and knew what he was authorizing).

Indeed, a multitude of cases have held that failure to comply with the stand-alone disclosure requirement does not in itself constitute an injury-in-fact, if the disclosure is non-compliant because it contains additional information beyond what is required. *See, e.g., Tyus v. United States Postal Serv.*, No. 15-CV-1467, 2017 U.S. Dist. LEXIS 833, 2017 WL 52609, at *6 (E.D. Wis. Jan. 4, 2017) (absent some additional allegation of harm, a failure to comply with the FCRA's stand-alone disclosure requirement is not a "concrete" injury); *Lee v. Hertz Corp.*, No. 15-CV-04562-BLF, 2016 U.S. Dist. LEXIS 166911, 2016 WL 7034060, at *5 (N.D. Cal. Dec. 2, 2016) (same); *Kirchner v. First Advantage Background Servs.*, No. CV 2:14-1437 WBS EFB, 2016 U.S. Dist. LEXIS 157373, 2016 WL 6766944, at *3 (E.D. Cal. Nov. 14, 2016) (same); *Shoots v. iQor Holdings US Inc.*, No. 15-CV-563 (SRN/SER), 2016 U.S. Dist. LEXIS 144559, 2016 WL 6090723, at *5-8 (D. Minn. Oct. 18, 2016) (same); *Nokchan v. Lyft, Inc.*, No. 15-CV-03008 JCS, 2016 U.S. Dist. LEXIS 138582, 2016 WL 5815287, at *6 (N.D. Cal. Oct. 5, 2016) (same); *Groshek v. Time Warner Cable, Inc.*, No. 15-cv-157, 2016 WL 4203506, at **2-3 (E.D. Wis. August

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4824-8550-3609.1                                    8

9, 2016) (dismissing FCRA claim for lack of standing and holding that failure to provide stand-alone disclosure by itself is not enough); *Smith v. Ohio State Univ.*, No. 15-cv-3030, 2016 WL 3182675, at *4 (S.D. Ohio June 8, 2016)(same).

As explained further by the Central District of California, in a case where the plaintiff alleged that the defendant provided more information than called for by the FCRA, the plaintiff "[cannot] plausibly allege[] that such a violation has caused the necessary 'concrete' injury necessary to satisfy Article III's standing requirement….Plaintiff's FCRA claim, that Defendant provided a required disclosure notice that contained more information than allowed by the statute, is just such a procedural violation that is divorced from any concrete harm." *Noori v. Vivint, In*c., 2016 U.S. Dist. LEXIS 120963, *11-15 (C.D. Cal. Sept. 6, 2016) ("Plaintiff has not, nor can he, plausibly allege any concrete harm arising out of having received more information in a single document than the FCRA might otherwise allow.  This is particularly true where at least some of the allegedly "additional" state law disclosures would still have been provided to Plaintiff on another page of disclosures.").

In this case, Plaintiff has alleged only that Defendant violated the FCRA's disclosure requirement because it provided a disclosure form that contained more information than was required by the FCRA.  Well-established precedent holds that such an allegation does not present any concrete harm to a plaintiff and therefore is not sufficient to confer standing.  Therefore, Plaintiff lacks standing to bring his Disclosure Claim and it must be dismissed.

## III.   **CONCLUSION**

Because Count I of Plaintiff's Complaint alleges only that Defendant's Disclosure violates the FCRA because it contains extraneous information, under well-established law, Plaintiff cannot establish that he suffered any concrete or particularized injury, and therefore Plaintiff lacks standing to being Count I of the Complaint.  Therefore, this Court lacks subject matter jurisdiction over the claim and it must be dismissed.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4824-8550-3609.1                                         9

1   DATED: November 1, 2018                **LEWIS BRISBOIS BISGAARD & SMITH** LLP

2

3

4                                          By:    _____*s/ Erica Rocush*_____
                                                  Erica Rocush
5                                                 Attorneys for HAVEN OF SHOW LOW, LLC
                                                  (erroneously named in the Complaint as Haven
6                                                 Health Group, LLC)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

<u>**CERTIFICATE OF SERVICE**</u>

2

I hereby certify that on November 1, 2018, I electronically transmitted the attached

3

document to the Clerk's Office using the Court's CM/ECF System for filing and

4

transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

5

6

Steven L. Woodrow
Patrick H. Peluso
WOODROW & PELUSO, LLC

7

3900 East Mexico Avenue
Suite 300

8

Denver, CO80210
*Attorneys for Plaintiff*

9

10

Penny L. Koepke
MAXWELL & MORGAN, P.C.
4854 East Baseline Road

11

Suite 104
Mesa, AZ 85206

12

*Attorneys for Plaintiff*

13

14

15

  s/ *Laura M. Nagelkirk*
40618-06

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW