1
2
3
4
5
6
7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

8
9
10

Justin Downing, individually and on behalf of
all others similarly situated,

11

Plaintiff,

Case No. 3:18-cv-08109-PCT-DWL

12

v.

13

Haven Health Group, LLC, an Arizona limited
liability company,

**JOINT STATEMENT OF**
**DISCOVERY DISPUTE**

14
15

Defendant.

16
17
18
19
20
21
22
23
24
25
26
27
28

*Plaintiff's Position*

      This alleged class action challenges the employee background check disclosures used by Defendant Haven Health ("Haven') as failing to "standalone" under the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681, *et seq*. Plaintiff has served discovery seeking the identities of all persons: (1) to whom Haven provided the same FCRA disclosure as the form given to Plaintiff, and (2) about whom Haven obtained a background check. Defendant has objected on the grounds that it will *only* provide information for Haven of Show Low, LLC, where Plaintiff applied—and not for any other location (Haven's "Org Chart" suggests there are 19 or so entity locations)—even though the locations used the *same disclosure and are managed by the same people*.

      While Haven asserts that the 19+ other entity locations are separate companies and that Plaintiff thus lacks standing to challenge their identical practices, this is incorrect. Where a class plaintiff has been injured by one or more, but not by all, of multiple potential defendants, an exception known as the "juridical links" doctrine exists to the general rule that the class representative must have a claim against each named defendant in a class or subclass:

> A juridical link…must be some form of activity or association on the part of the defendants that warrants imposition of joint liability against the group even though the plaintiff may have dealt primarily with a single member. This link may be a conspiracy, partnership, joint enterprise, agreement, contract, or aiding and abetting, which acts to standardize the factual underpinnings of the claims and to insure the assertion of defenses common to the class. [footnotes omitted].

6A Federal Procedure, Lawyers Ed. § 12:44 (Oct. 2003). A juridical link exists where defendants are joined by a uniform practice or common agreement or course of conduct for purposes of judicial efficiency. William D. Henderson, Reconciling the Juridical Links Doctrine with the Federal Rules of Civil Procedure and Article III, 67 U. Chi. L.Rev. 1347, 1355–56, 1359 (Fall 2000)); *see, e.g., La Mar v. H & B Novelty & Loan Co*., 489 F.2d 461, 466 (9th Cir.1973) (explaining exception where defendants are "…juridically related in a manner that suggests a single resolution of the dispute would be expeditious."); *see also In re Computer Memories Sec. Litig*., 111 F.R.D. 675 (N.D.Cal.1986); *In re Activision Sec. Litig*., 621 F.Supp. 415, 432 (N.D.Cal.1985); *Fallick v. Nationwide Mut. Ins. Co*., 162 F.3d 410, 423–24 (6th Cir.1998) (applying doctrine to ERISA claims).

      The Haven entities are juridically linked. All of the entities used the same form FCRA disclosure—a decision apparently made by the same Haven managers or directors. Different trials regarding the legality of this form are unnecessary, and Plaintiff doesn't need standing against each location to obtain discovery responses regarding those other locations. The records sought concern Haven employees/applicants harmed by the same conduct by the same people of which Plaintiff complains. If necessary, Plaintiff will seek leave to name all entities as defendants in a defendant class. Ultimately, Haven shouldn't be allowed to avoid discovery (or class certification) because it chopped its workforce into entities of fewer than 40 employees/applicants each. Also, Plaintiff has issued a subpoena to easyBackgrounds, and Haven moved to quash (which was denied without prejudice). easyBackgrounds has agreed to respond to the subpoena by December 7, 2018. Its responses should include all Haven entities that used the same form given the common course of conduct (identical form from the same vendor) engaged in by each of them.

*Defendant's Position:*

There is only one named defendant in the present matter – Haven Health Group, LLC.  As Defendant has repeatedly explained to Plaintiff, this is not the proper defendant.  Haven Health Group has no employees and has never provided an FCRA disclosure to anyone or run a background check on anyone, including Plaintiff.  Justin Downing only ever sought employment from and received a background check disclosure from a single entity: Haven of Show Low, LLC.  Haven of Show Low is a separate entity that maintains its own corporate structure.  The mere existence of affiliated companies does not give Plaintiff the right to seek discovery from entities with whom he has no relationship, and who are not parties to the present lawsuit.

Under F.R.C.P. Rule 34, a party must produce any relevant documents in its "possession, custody, or control."  The documents and information sought from independent affiliate entities are not in the possession or custody of Haven of Show Low.  Therefore, Plaintiff is only entitled to the requested information if he can prove that the requested information and documents are in the "control" of Haven of Show Low.  In the Ninth Circuit, control, for purposes of discovery, is defined as "the legal right to obtain documents upon demand."  *United States v. International Union of Petroleum and Indus. Workers*, AFL-CIO, 870 F.2d 1450, 1452 (9th Cir. 1989).  It is not sufficient for a party to have a practical ability to obtain documents from a related non-party to establish the requisite control; rather, there must be the actual legal right for the party to obtain the documents and information. *In re Citric Acid Litig.*, 191 F.3d 1090, 1107-08 (9th Cir. 1999). *See also, e.g., Dugan v. Lloyds TSB Bank PLC*, 2013 U.S. Dist. LEXIS 126369 at *3 (N.D. Cal. Sept. 4, 2013); *Ehrlich v. BMW*, 2011 U.S. Dist. LEXIS 90215, at *1 (C.D. Cal. May 2, 2011).

The party seeking production of the documents bears the burden of proving that the opposing party has such control. *In re Citric Acid Litig.*, 191 F.3d at 1107-08.  The party seeking production must show actual control; proof of theoretical control or convenient access to documents is not enough to meet this burden.  *Int'l Union*, 870 F.2d at 1454; *Otos v. WHPacific, Inc.*, 2017 U.S. Dist. LEXIS 86755, *3-7, 2017 WL 2452008 (W.D. Wash. June 6, 2017).  Similarly, the mere existence of a corporate affiliate relationship is not sufficient to establish the requisite control. *See, e.g., Tessera, Inc. v. Micron Tech., Inc.*, 2006 U.S. Dist. LEXIS 25114, *17-19 (N.D. Cal. Mar. 22, 2006).  In this case, other than asserting that the non-party entities are affiliates of Haven of Show Low, Plaintiff makes no attempt to show that Haven of Show Low has a legal right to obtain documents or information from any other affiliate of Haven Health Group.  Plaintiff provides no showing that Haven of Show Low even has access to the documents of the other entities, let alone that it has the legal right to obtain such documents.  Plaintiff provides no basis for the assertion that the same people involved in making decisions and providing the subject disclosure form to Plaintiff have any role in the other Haven affiliates and even if Plaintiff could support this assertion it is not sufficient to establish that Haven of Show Low has the legal right to access the documents of other Haven entities.  Therefore, Plaintiff is not entitled to the discovery he is seeking.

Moreover, Plaintiff's "juridical link" argument is not tenable.  The courts find a "juridical link" only in cases where the various defendants have entered into a contract by which they all agree to engage in a common course of conduct.  *In re Activision Sec. Litigation*, 621 F. Supp. 415, 432 (1985). There is no argument that Haven of Show Low and the other Haven affiliates entered into any common agreement at all, or engaged in any coordinated course of conduct.  The

2

only alleged link between them is that they all used the same FCRA disclosure form.  However, the form used by Haven of Show Low was a standard form provided by easyBackgrounds, a third party provider, and not something created by any Haven entity.  Therefore, under this argument, Plaintiff would be entitled to discovery from any company that used the form provided by easyBackgrounds, even if they had no connection to Haven of Show Low or Plaintiff at all.

## CERTIFICATE OF CONFERRAL

In accordance Local Rule of Civil Procedure 7.2(j), counsel for both Parties hereby certify that they have conferred regarding this discovery matter and are unable to resolve the matter.

**JUSTIN DOWNING**, individually and on behalf of all others similarly situated,

Dated: November 21, 2018          By:   /s/ Steven L. Woodrow
                                        One of Plaintiff's Attorneys

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Taylor T. Smith*
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Attorneys for Plaintiff and the Classes*

* *Pro Hac Vice*

**HAVEN HEALTH GROUP LLC**, an Arizona limited liability company,

Dated: November 21, 2018          /s/ Erica K. Rocush
                                  One of Defendant's Attorneys

Erica K. Rocush
Erica.rocush@lewisbrisbois.com
Lewis Brisbois Bisgaard & Smith LLP
2929 N Central Ave., Suite 1700

Phoenix, Arizona 85012
Tel: 602-385-1054
Fax: 602-385-1051

*Attorneys for Defendant*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I, Steven L. Woodrow, an attorney, hereby certify that I served the foregoing papers by causing true and accurate copies of such papers to be transmitted to all counsel of record through the Court's electronic filing system on November 21, 2018.

/s/ Steven L. Woodrow